# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2025

Lyle W. Cayce
Clerk

No. 24-40340

United States of America,

*Plaintiff—Appellee*,

*versus*

Keenan Edward Howe,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CR-21-1

Before Elrod, *Chief Judge*, and King, and Graves, *Circuit Judges*.
James e. Graves, Jr., *Circuit Judge*:[*]

Keenan Edward Howe appeals the district court's imposition of a sentencing enhancement of 5 levels under U.S.S.G. § 2G2.2(b)(3)(B) and the assignment of criminal history points under U.S.S.G. § 4A1.1(d). Finding no error, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40340

## FACTS AND PROCEDURAL HISTORY

Pursuant to an online investigation into child pornography by the Federal Bureau of Investigation (FBI) in Montana, an undercover agent (UC), who purported to be an adult male in Montana with access to two children, posted on an adult website that he "was a father seeking like-minded individuals for friendship or 'swaps.'"  On September 2, 2022, Keenan Edward Howe of Texas sent the UC a direct message, and the two then began corresponding on WhatsApp, a social messaging platform.  Howe immediately asked the UC if he had a daughter, to which the UC said that he had access to a 4-year-old female and a 12-year-old female.  Howe told the UC that he had a 6-year-old daughter, and minutes later offered sexual access to his daughter in exchange for sexual access to the UC's daughters in Montana.  Howe discussed a plan to kidnap his daughter in Texas and take her to Montana, and he told the UC he had previously sexually assaulted her before a prior prison term.  Howe also asked to buy the UC's 4-year-old to take back to Texas and offered to provide the UC with any video he took while raping her.  Howe explicitly detailed his plans to rape his daughter, the UC's children, and others, and he bragged about having raped other children.  Howe sent the UC photos of his daughter and the daughter's mother, as well as photos of other children.  On September 8, Howe sent the UC six videos and three images containing child pornography that he said he had received from others on the same website.  On September 13, Howe and the UC discussed travel arrangements for the purpose of meeting the UC's children for sexual encounters, and Howe offered to pick them up from the airport in Texas.

On September 14, 2022, authorities executed a search warrant for Howe's residence and an arrest warrant for Howe.  During a recorded interview, Howe admitted to receiving and distributing child pornography with his cell phone.  Pursuant to the search, FBI agents discovered hundreds

of images and videos depicting child sex abuse material (CSAM) on Howe's two phones and two laptop computers. Agents also discovered conversations in which CSAM was distributed and received between Howe and other individuals on September 10, 2022, and September 12-14, 2022. Howe's sister later provided authorities with a Universal Serial Bus (USB) drive, which contained additional CSAM, that she had found while cleaning out Howe's residence. Following indictment, Howe pleaded guilty without a plea agreement to the following: One count of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1); one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1); and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Prior to the plea hearing, the government filed a written factual basis for the plea. Howe confirmed that the factual basis was true.

The Presentence Investigation Report (PSR) calculated a total offense level of 42, which included a 5-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distributing child pornography in exchange for valuable consideration, i.e., sexual access to the UC's minor daughters. The probation officer also concluded that Howe's criminal history category was IV based on a total criminal history score of 8. That criminal history score included 3 criminal history points under U.S.S.G. § 4A1.1(a) for a 2017 Texas conviction for sexual assault of a child. The criminal history score also included 3 criminal history points under U.S.S.G. § 4A1.1(d), which provides for an additional point for each sentence resulting from a conviction of a crime of violence that had been treated as a single sentence. Of these 3 points, 1 point was for a 2017 conviction for sexual performance of a child, and 2 points were for two 2017 Texas convictions for sexual assault of a child. The PSR set out the guidelines imprisonment range of 360 months to life but noted the statutory maximum of 100 years or 1,200 months. *See* U.S.S.G.

§ 5G1.1(c)(1).  Because Howe had a prior conviction for sexual assault of a minor, the applicable statutory mandatory minimum for each of counts one and two was 15 years and the mandatory maximum was 40 years.  *See* 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1).  The mandatory minimum for count three was 10 years and the mandatory maximum was 20 years.  *See* 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).

Howe filed a written objection to the 5-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B), and he reasserted his objection during the sentencing hearing.  Howe essentially argued that he sent the CSAM simply because he was asked if he had any pornography and not because he wanted something in return.  The government argued that the entire purpose of the exchange between Howe and the UC was for Howe to get access to the UC's children, and that the quid pro quo could also be implicit.  The district court overruled Howe's objection to the enhancement.  The government requested a sentence of 960 months.  However, the district court sentenced Howe to a total of 720 months—300 months each on counts one and two, and 120 months on count three, consecutive—and three concurrent life terms of supervised release.  Howe appealed his sentence.

## STANDARD OF REVIEW

For preserved issues, this court reviews the district court's application of the sentencing guidelines de novo and its findings of fact for clear error.  *United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole."  *United States v. Okulaja*, 21 F.4th 338, 344 (5th Cir. 2021) (internal marks and citation omitted).  This court "will conclude that a finding of fact is clearly erroneous only if a review of all the evidence leaves us with the definite and firm conviction that a mistake has been committed."  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (internal marks

and citation omitted). "The clear-error standard of review is a deferential one." *Id.* If there was procedural error, this court will remand unless the government establishes that the error was harmless. *Halverson*, 897 F.3d at 651.

If the defendant failed to make an objection, this court reviews for plain error. *United States v. Randall*, 924 F.3d 790, 795 (5th Cir. 2019); *see also* Fed. R. Crim. P. 52(b). To prevail, the defendant must show an error that is "clear or obvious," i.e., not subject to reasonable dispute, and affected his substantial rights. *Randall*, 924 F.3d at 795-96 (internal citation omitted). If those three conditions are met, this court "should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 796 (internal marks and citation omitted).

## DISCUSSION

*I. Enhancement under U.S.S.G. § 2G2.2(b)(3)(B).*

Howe asserts that the district court reversibly erred by applying a 5-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B), which provides for the base offense level to be increased by 5 levels "[i]f the defendant distributed [child pornography] in exchange for any valuable consideration, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B); *see also* U.S.S.G. § 2G2.2, cmt. n.1. Howe objected to the enhancement. Because this issue was preserved, this court reviews the district court's application of the guidelines de novo and its factual findings for clear error, as set out above.

On appeal, Howe asserts that there was not sufficient evidence that he distributed child pornography in exchange for valuable consideration. He argues that the government's evidence does not show a quid pro quo agreement with the UC or the other users to whom he distributed child pornography. Howe asserts the plan to meet had already been decided at the

time he sent the child pornography, and there is no evidence that the child pornography was conditioned on his receipt of some benefit. Howe also asserts that he did not actually receive such consideration. Further, Howe asserts that the government cannot meet the burden of establishing that the guidelines calculation error was harmless, particularly when combined with the alleged error he raises in the second issue.

The government counters that the district court did not err in finding that Howe distributed child pornography in exchange for valuable consideration and imposing the enhancement. The government asserts that there is sufficient evidence to show that Howe exchanged child pornography for the purposes of gaining the UC's trust and access to his minor daughters because he wanted to drug and sexually abuse them. Alternatively, the government asserts that even if there had been error, it was harmless because it did not change Howe's advisory guidelines sentencing range. The government asserts that defense counsel previously conceded that, even if the district court had granted Howe's objection to the 5-level enhancement, Howe would have received an additional 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F). Further, in such a situation, Howe would have had a total offense level of 39, a criminal history category of IV, and the guidelines range would have been the same—360 to 1,200 months.

As set out in *Halverson*, the government must prove by a preponderance of evidence that: "(1) the defendant agreed to an exchange with another person, (2) the defendant knowingly distributed child pornography to that person (3) for the purpose of obtaining something of valuable consideration, and (4) the valuable consideration came from that person." 897 F.3d at 652. In *Halverson*, this court concluded that "the government failed to present any evidence to show that Halverson distributed any child pornography to receive something of valuable consideration from that person with whom he traded." *Id.* (internal marks

omitted). This court also concluded that the procedural error there was harmless. *Id.*

Following *Halverson*, there was some disagreement as to whether the fourth prong required the actual receipt of the valuable consideration. In an unpublished opinion, a panel of this court acknowledged the *Halverson* test while deciding a case on harmless error. *See United States v. Dedual*, 760 F. App'x 339, 340 (5th Cir. 2019). The Sixth and Ninth Circuits concluded that there is no requirement that the defendant actually receive the valuable consideration. *See United States v. Oliver*, 919 F.3d 393, 398 (6th Cir. 2019); *see also United States v. Randall*, 34 F.4th 867, 872 (9th Cir. 2022). At the time of screening of Howe's case, this court was considering the issue of whether the fourth factor required the actual receipt of the valuable consideration in another case, in which an opinion has since issued. In *United States v. Fucito*, 129 F.4th 289 (5th Cir. 2025), this court clarified that there is no requirement under *Halverson* that the defendant actually receive the valuable consideration in exchange for distributing child pornography under § 2G2.2(b)(3)(B). *Id.* at 293-95. Thus, *Fucito* dispenses with Howe's argument regarding the fourth prong. But Howe also asserts that he did not distribute the child pornography "for the purpose of obtaining something of valuable consideration" under prong three because he and the UC had already agreed to meet and provide access to their children.

This court in *Fucito* reiterated that such an agreement can be explicit or implicit. *Id.* at 294. The record here provides sufficient evidence of an implicit agreement, much like that in *Fucito*. Further, despite Howe's argument that the UC had not expressed any reluctance about following through, it is clear from the record that Howe was still trying to convince the UC that he was serious well after the initial discussion of the plan. Howe made statements like, "I'm for real wanna rape your kids and hers tbh…and

mine."[1] Howe also continued to share disturbing details of additional crimes he had committed or wanted to commit. The initial discussion was of Howe taking his daughter to Montana to meet up with the UC and his children. But then Howe tried to convince the UC to bring his daughters to Texas and to sell his 4-year-old daughter to Howe.

The district court's finding that Howe distributed child pornography in exchange for valuable consideration is plausible in light of the record as a whole. *See Okulaja*, 21 F.4th at 34. Thus, Howe is unable to establish clear error in the district court's application of the 5-level enhancement.

## II. Criminal history.

Howe asserts that the district court plainly erred by classifying his 2017 Texas convictions for sexual assault of a child and sexual performance of a child as crimes of violence under U.S.S.G. § 4B1.2(a) and assessing 3 criminal history points under U.S.S.G. § 4A1.1(d).

Howe had a total criminal history score of 8, including 3 criminal history points under § 4A1.1(d), which provides for an additional point for each sentence resulting from a conviction of a crime of violence that had been treated as a single sentence. Of those 3 points, 1 point was for a 2017 conviction for sexual performance of a child, and 2 points were for two 2017 convictions for sexual assault of a child. *See* Tex. Pen. Code §§ 22.011(a)( 2), (c)(1) and 43.25(a)(2), (b).

Howe asserts that those 2017 Texas convictions do not qualify as crimes of violence pursuant to § 4B1.2(a) under this court's precedent because neither has the use of force as an element, both can be committed when a victim has factually consented, and sexual performance can be

---

[1] "[T]bh" is typically slang for "to be honest."

committed in Texas through mere touching. He also asserts that neither offense qualifies as a "forcible sex offense" under § 4B1.2(e)(1). However, even if Howe is arguably able to establish error, he is unable to establish that it affected his substantial rights unless he also prevails on the first issue of whether the district court erred by applying a 5-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B). Because he does not prevail on the first issue, the 3 criminal points here would not affect his guidelines range. Without the 3 points, Howe's criminal history category would have been III instead of IV. A criminal history category of III and a total offense level of 42 would ordinarily result in a guidelines range of 360 months to life, and Howe's guidelines range would still be 360 to 1,200 months based on the mandatory terms. Thus, he is unable to demonstrate that any error affected his substantial rights under prong three, and we do not reach the fourth prong. *See Randall*, 924 F.3d at 795-96.

For these reasons, the judgment of conviction and sentence are AFFIRMED.